In the Matter of the Claim of TERRILL K. JORY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, June 2, 1970.

*Richard H. R. Smithies* for appellant.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Samuel Stern* and *Irving Jorrisch* of counsel), for respondent.

Cooke, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed August 21, 1969, which determined that claimant was ineligible to receive benefits because he did not have at least 20 weeks of covered employment in his base period.

Claimant was hired early in 1968 to perform as a cellist in an 80-piece orchestra on behalf of Christian Artists Incorporated. A single performance of an opera was produced on April 7, 1968 and, in preparation therefor, rehearsals were conducted on March 29 and 30 and on April 2 and 5. Claimant participated in all rehearsals and in the performance under the standard single engagement contract then in use by Local 802 of the American Federation of Musicians and it is not disputed that the musicians hired thereunder were to be paid in accordance with the union contract for all days of work, including rehearsals, at union scale. In May, 1968 appellant was paid $195.90 for his services and there was testimony that the union allowed the payment for all services to be made after the performance of April 7. On June 24, 1968 claimant filed a claim for benefits establishing a base period from June 27, 1967 through June 23, 1968. He was credited with 18 weeks of covered employment, which are not in dispute.

To qualify for benefits a claimant must file a valid original claim by complying with the condition, among others, that he has had at least 20 weeks of employment in the 52-week period preceding the filing of such claim (Labor Law, § 527, subd. 1). A week of employment, here, means seven consecutive days, beginning with Monday, in which a claimant did some work in employment for an employer liable for contributions under the Unemployment Insurance Law (Labor Law, §§ 519, 524). An employer shall become liable for contributions under said law if he has paid remuneration of $300 or more in any calendar quarter (Labor Law, § 560, subd. 1). The term " wages paid " or " remuneration paid " may, for any purposes of said law, include not only wages or remuneration actually paid but also wages or remuneration earned but not actually paid; and the date on which any wages or remuneration are deemed paid shall be fixed in accordance with the rules or regulations of the Indus-

trial Commissioner (Labor Law, § 516). The Commissioner has promulgated a rule (12 NYCRR 470.2) providing that "for all purposes except the computation of a claimant's average weekly wage, remuneration earned, whether or not paid, shall be deemed 'paid': (i) as of the day or of the first of several days on which amounts definitely assignable to a payroll period are generally paid by the employer; (ii) as of the day when both the amount and the liability of the employer for payment thereof have been unconditionally established if the remuneration is not definitely assignable to a payroll period ".

Obviously and without dispute, subdivision (i) is inapplicable since there was no customary pay period or day upon which wages were generally paid. However, the amount of compensation (union scale) and the liability of the employer were unconditionally established as of the dates of the respective rehearsals, two of which were within the first quarter of 1968. It is undisputed that the musicians were to be paid for each rehearsal as well as for the performance. Each rehearsal was set up for a certain number of hours, with overtime payment for the excess. The by-laws of Local 802 prohibited a member from playing free rehearsals without union permission and its wage scales provided that rehearsals must be charged and paid for separately whether they take place prior to or within the time of the engagement. If, after the March rehearsals, appellant had not returned for the April rehearsals and performance, the employer would have continued to be liable for a sum certain at a future date. Indeed, that is what happened with a fellow worker. The rehearsal wages were earned when each rehearsal took place and were not dependent as to amount or liability on any future event (cf. *Matter of Price [Lubin]*, 9 A D 2d 561). *Matter of Cutaia v. Fitzwell Sportswear* (272 App. Div. 855, affd. 297 N. Y. 815), where under regulations then in effect wages were deemed paid as of the day or the last of several days on which amounts definitely assignable to a payroll period were generally paid by the employer, is irrelevant.

The decision should be reversed, with costs, and the claim remitted to the Unemployment Insurance Appeal Board for proceedings not inconsistent herewith.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Decision reversed, with costs, and claim remitted to the Unemployment Insurance Appeal Board for proceedings not inconsistent herewith.